UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>JOHN MCQUILKIN,<br><br>   Defendant. | CRIMINAL ACTION<br><br>No. 94-356-02 |

**MEMORANDUM**

I.

Under 29 U.S.C. § 504, persons convicted of certain crimes are prohibited from holding various positions within labor unions for a period of 13 years following their release from imprisonment. On July 27, 2010, McQuilkin filed a pro se "Motion for Relief by Reduction of the Length of Disability," dkt. 144, which the court construed as a motion, under 29 U.S.C. § 504, to "set[] a lesser period" of disability. The government responded by noting that, because McQuilken's conviction was for distribution of methamphetamine, he did not fall under the § 504 prohibitions. Dkt. 149. Specifically, the government reasoned that § 504 applies to persons convicted of violating "narcotics laws," but that methamphetamine does not qualify as a narcotic. The government did

note, however, that McQuilken's conviction would, under 29 U.S.C. § 1111,[1] preclude him from holding—for a period of 13 years—positions associated with "employee benefit plans."

McQuilken then filed a "Motion to Correct Original Motion's Title, Section and Position in a Labor Union." Dkt. 151. In that motion, he asks this court to reduce the length of his disability under 29 U.S.C. § 1111. Specifically, McQuilken states that he would like to run for the position of "Union Trustee" for the Cement Masons Local # 592. It is McQuilken's view that 29 U.S.C. § 1111 precludes him from holding the Union Trustee position. Whether or not that is the case, McQuilken is still entitled, under § 1111, to seek a reduction in the length of his disability.[2]

II.

Under § 1111, any person convicted of, *inter alia*, "a felony violation of Federal or State law involving substances defined in section 102(6) of the Comprehensive Drug Abuse Prevention and Control Act of 1970" may not hold any of a variety of positions associated with "employee benefit plans." *See* 29 U.S.C. § 1111(a)(1)–(3); *see also* 29 U.S.C. § 1002(1)–(3) (defining "employee benefit plan"). The government has already

---

[1] 29 U.S.C. § 1111 was passed as part of the Employee Retirement Income Security Act of 1947 ("ERISA").

[2] Under § 1111, McQuilkin is prohibited from holding employee benefit plan positions for 13 years following his release from imprisonment. McQuilken was released on April 9, 1999, and his disability thus remains in effect until April 9, 2012.

2

expressed its view that McQuilken's conviction triggers the prohibition on employee benefit plan positions.

Accordingly, the court must make a determination as to McQuilkin's eligibility for a reduction of disability. Before doing so, the court is required by statute to hold a hearing. *See* 29 U.S.C. § 1111. The burden will be on McQuilkin to demonstrate that the holding of a covered employee benefit plan position would not be "contrary to the purposes this subchapter." *Id.*[3] That purpose is, *inter alia*, "to protect the interests of participants in employee benefit plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans . . . ." *See* 29 U.S.C. § 1001. The contours of the hearing are addressed in the accompanying order.

---

[3] "[T]his subchapter" refers to subchapter I ("Protection of Employee Benefit Rights") of chapter 18 ("Employee Retirement Income Security Program") of title 19 ("Labor").